DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Debtor*
One N. Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn K. Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

DUFOUR PASTRY KITCHENS, INC,                         Chapter 11
                                                     Case No. 16-12975(SMB)

                                    Debtor.
----------------------------------------------------------X

## SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Dufour Pastry Kitchens, Inc. ("Debtor"). hereby proposes the following Second Amended Chapter 11 Plan of Reorganization (the "Plan") pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

## ARTICLE I
## DEFINITIONS

For the purposes of this Plan, and the First Amended Disclosure Statement previously filed by the Debtor, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires):

1.1     "Administrative Claims" shall mean all costs and expenses of administration of the chapter 11 case Allowed under Sections 503(b) or 330(a) of the Code and that are entitled to priority under Section 507(a)(2) which may include Claims pursuant to Section 506(c) of the Code.

1.2    "Allowed" shall mean that portion of a Claim or Interest that, (i) has been timely filed with the Bankruptcy Court and is liquidated in amount and has not been objected to; (ii) has been listed by the Debtor in the Schedules as being neither contingent, unliquidated nor disputed; or (iii) has been allowed by a Final Order of the Bankruptcy Court.

1.3    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Southern District of New York, Manhattan Division (Bernstein, J.).

1.4    "Cash" shall mean legal tender of the United States of America or cash equivalents.

1.5    "Claim" is defined in Section 101(5) of the Code, and shall include, without limitation, Administrative Claims, any claims of whatsoever type or description against the Debtor, any claim for pre-Petition Date interest, post-Petition Date interest or contingent interest, any claim against the Debtor arising out of the rejection of executory contracts, any claim against the Debtor arising from the recovery of property under Sections 550 and 553 of the Code and any claim against the Debtor that does not arise until after the commencement of the chapter 11 case for a tax entitled to priority under Section 507(a) of the Code.

1.6    "Chapter 11 Case" shall mean the Debtor's above captioned Chapter 11 case.

1.7    "Code" shall mean the Bankruptcy Code, Title 11 U.S.C. Section 101 et. seq. as amended from time to time and applicable to this case.

1.8    "Confirmation Date" shall mean the date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.9    "Confirmation Order" shall mean the order of the Bankruptcy Court pursuant to Section 1129 of the Code confirming the Plan.

1.10    "Debtor" shall mean Dufour Pastry Kitchens, Inc.

2

1.11    "Disputed" shall mean a Claim or Interest, or any portion of a Claim or Interest, that is not Allowed and is not either disallowed under a Final Order or has not been withdrawn.

1.12    "Effective Date" shall mean the date upon which the Confirmation Order becomes a Final Order.

1.13    "Final Order" shall mean an order or judgment which has not been stayed and as to which order or judgment the time to appeal or seek review or rehearing has expired and as to which no appeal, petition for review or rehearing is pending.

1.14    "Impaired" shall have the meaning as set forth under Section 1124 of the Bankruptcy Code.

1.15    "Interest" shall mean the equity interests in the Debtor held by the Debtor's shareholders.

1.16    "Petition Date" shall mean October 24, 2016.

1.17    "Plan" shall mean this First Amended Chapter 11 Plan of Reorganization and any amendments hereto or modifications hereof made in accordance with the provisions of the Code.

1.18    "Priority Claim" shall mean a Claim, other than an Administrative Claim, that is entitled to priority under Section 507 of the Code.

1.19    "Professionals" shall mean professionals retained in the Chapter 11 Case under Section 327 of the Bankruptcy Code.

1.20    "Secured Claim" shall mean a Claim that is secured by a lien on property of the Debtor's estate in accordance with Section 506(a) of the Code.

1.21    "Schedules" shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor as required by Section 521 of the Code and Bankruptcy Rule 1007, and all amendments thereto.

3

1.22    "Statutory Fees" shall mean those fees for which the Debtor is obligated pursuant to Section 1930(a)(6) of title 28 of the United States Code, together with interest, if any, pursuant to Section 3717 of title 31 of the United States Code.

1.23    "United States Trustee" shall mean the United States Trustee for Region 2.

1.24    "Unsecured Claim" shall mean any Claim that is not an Administrative Claim, Priority Claim or Secured Claim, including, without limitation, Claims based upon pre-Petition Date trade accounts payable or Claims based upon the rejection of an executory contract during the pendency of the Chapter 11 Case.

### ARTICLE II
### DESIGNATION OF CLAIMS AND INTERESTS

All holders of Claims and Interests against the Debtor, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether Allowed or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**Class 1:** shall consist of all Allowed Priority Claims other than Allowed Priority Tax Claims

**Class 2:** shall consist of the Allowed Secured Claims of TD Bank, N.A. ("TD Bank").

**Class 3:** shall consist of all Allowed Unsecured Claims.

**Class 4:** shall consist of all Allowed Interests in the Debtor.

In accordance with Section 1123(a)(1) of the Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the foregoing Classes.

### ARTICLE III - TREATMENT OF CLAIMS UNDER THE PLAN

**3.1 Satisfaction of Claims.** The treatment of and consideration to be received by holders of Allowed Claims shall be in full satisfaction, release and discharge of their respective Claims against the Debtor.

4

a)      <u>Allowed Administrative Claims other than Claims of Professionals:</u>  These

Allowed Claims shall be paid in the ordinary course and according to the terms and conditions of

the respective contracts with respect to those Claims.

b)      <u>Allowed Administrative Claims of Professionals</u>: Allowed Administrative Claims

of Professionals shall be paid in full, in Cash, commencing upon the later of (i) allowance by the

Court pursuant to Section 330 of the Code or (ii) the Effective Date in equal monthly

installments of no less than $1,000 each until paid in full. The Professionals have consented to

such Impaired treatment.

c)      <u>Statutory Fees</u>: Under the Plan, all unpaid Statutory Fees shall be paid in full, in

Cash, on the Effective Date. Thereafter, the Debtor shall continue to pay Statutory Fees due and

payable until the earlier of conversion of the Chapter 11 Case to a case under Chapter 7 of the

Code, dismissal or the entry of a final decree closing the Chapter 11 Case.

d)      <u>Allowed Administrative and Priority Tax Claims</u>:  Allowed Administrative (if

any) and Priority Claims pursuant to 11 U.S.C. § 507(a)(8), if any, shall be paid in full, in Cash

on the Effective Date.

**3.2     Class 1:**  The Holder of the Allowed Priority Claims, other than Allowed Priority

Tax Claims, shall be paid in full in Cash on the Effective Date. The Allowed Class 1 Claims are

unimpaired under this Plan and thus the holders of such Claims are not entitled to vote.

**3.3     Class 2:**  TD Bank shall retain its security interests and liens in the Debtor's

assets and shall be paid the Allowed amount of its Class 1 Claim in full, with interest thereon at

the non-default contract rate as set forth in the TD Bank loan documents in equal monthly

installments commencing in the first month after the occurrence of the Effective Date of $5,000

per month until paid in full. Upon payment of the Class 2 Claim in full, TD Bank shall (a)

5

release all liens and security interests in the Debtor's assets, (b) release all guarantors covered under the TD Bank loan documents and (c) execute any releases or satisfactions as may be reasonable required to effectuate the foregoing. The Debtor shall sign such further documentation, including but not limited to an amended promissory note, as may be reasonably requested by TD Bank in accordance with this section 3.2. Provided the Debtor is in full compliance with its payment obligations to TD Bank under this Plan, TD Bank shall forbear from any collection or enforcement actions against guarantors, co-obligors or co-debtors under the TD Bank loan documents, including but not limited to Judith Arnold or Carla Krasner. The Allowed Class 2 Claim is Impaired under this Plan and the holder of such Class 2 Claim shall be entitled to vote on the Plan.

      **3.4**     **Class 3:** Each holder of an Allowed Class 3 Unsecured Claim shall receive a total of 20% on account of its Allowed Class 3 Claim in four (4) equal annual installments of 5% each commencing December 15, 2018 and each successive December 15th for the next 3 years thereafter in full and final satisfaction of Class 3 Claims. Class 3 Claims are Impaired and entitled to vote on the Plan.

      **3.5**     **Class 4:**  Subject to acceptance of the Plan by Class 3, the holders of the Allowed Interests shall retain their Interests in the Reorganized Debtor. The holders of the Class 4 Interests are therefore unimpaired and deemed to accept the Plan.

      **3.5**     **Acceptance by Class 3.**  Class 3 shall have accepted the Plan if (i) the holders of at least two-thirds in amount of the Allowed Class 3 Claims actually voting have voted to accept the Plan and (ii) more than one-half in number of the holders of such Allowed Class 3 Claims actually voting have voted to accept the Plan.

6

**3.6    Presumed Acceptance of the Plan**. Classes 1 and 4 are unimpaired under the Plan, and, therefore, are deemed to accept the Plan under Section 1126(f) of the Bankruptcy Code.

## ARTICLE IV
## MEANS FOR EXECUTION

**4.1    Distributions of Cash**.   Except as otherwise provided in the Plan, including without limitation Article VIII of this Plan, the Cash required to be first distributed to holders of Allowed Claims under the Plan shall be distributed by the Debtor within ten (10) days after the Effective Date, except that to the extent that a Claim becomes an Allowed Claim after the Effective Date, within ten (10) days after the order allowing such Claim becomes a Final Order.

**4.2    Means For Implementation**.   The Plan shall be funded (a) with the Debtor's available cash on the Confirmation Date and (b) from the Debtor's ongoing cash flow following the Confirmation Date.

**4.3    Restrictions on Bonuses and Dividends to Insiders.** Until such time as the Class 2 Claim of TD Bank is paid in full, none of the Debtor's Interest holders shall be permitted to take any bonuses or dividends. Notwithstanding, Carla Krasner and Judith Arnold shall be permitted during such period to annual salary increases not to exceed 3% per annum.

## ARTICLE V
## EXECUTORY CONTRACTS

**5.1    Assumption**.   On the Effective Date all executory contracts and unexpired leases to which the Debtor is a party which have not been heretofore assumed, rejected or modified pursuant to Bankruptcy Court order shall be deemed assumed.

**ARTICLE VI**
**GENERAL AND MISCELLANEOUS PROVISIONS**

**6.1    Modification of the Plan**.  The Debtor reserves the right to amend or modify the Plan in accordance with Section 1127 of the Code.

**6.2    Article and Section References.** Unless otherwise specified, all section, article and exhibit references in the Plan are to the respective section in, article of, or exhibit to the Plan.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

**6.3    Payment Dates.** If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or a legal holiday, the making of such payment or performance of such act may be completed on the next succeeding business day, and shall be deemed to have been completed timely. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

**6.4    Notices.** Any notices to be forwarded under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid; or by overnight mail or hand delivery, addressed as follows:

If to the Debtor:

Dufour Pastry Kitchens, Inc.
251 Locust Avenue
Bronx, NY 10454
Attn: Ms. Carla Krasner

8

with a copy to:

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
One N. Lexington Avenue
White Plains, New York 10601
Attn:   Jonathan S. Pasternak, Esq.

The Debtor may designate in writing any other address for purposes of this section, which

designation shall be effective upon receipt.

      **6.5     Enforceability.** Should any provision in the Plan be determined to be

unenforceable, such determination shall in no way limit or affect the enforceability or operative

effect of any and all other provisions of the Plan.

      **6.6      Applicable Law.** Except to the extent that the Code is applicable, the rights and

obligations arising under the Plan shall be governed by, and construed and enforced in accordance

with, the internal laws of the State of New York, except to the extent that other provisions of

Federal law are applicable.

      **6.7     Successors and Assigns.**  The rights and obligations of any entity named or

referred to in the Plan shall be binding upon and inure to the benefit of the successors and assigns

of such entity.

      **6.8     Reservation of Rights.**  Neither the filing of this Plan, nor any statement or

provision contained herein, shall be or be deemed to be an admission against interest. In the event

that the Effective Date does not occur, neither this Plan nor any statement contained herein may

be used or relied upon in any manner in any suit, action, proceeding or controversy within or

outside of the Chapter 11 Case.

      **6.9     Statutory Fees and Post Confirmation Reports.** The Debtor shall be responsible

for filing quarterly post-Confirmation Date reports with the Bankruptcy Court, and shall pay all

Statutory Fees, until the earlier of (a) conversion or dismissal of the Chapter 11 Case or (b) entry

of a final decree closing the Chapter 11 Case.

## ARTICLE VII
## RESOLUTION OF DISPUTED CLAIMS & RESERVES

**7.1    Objections**.  An objection to either the allowance of a Claim or an amendment to

the Debtor's Schedules shall be in writing and may either be filed with the Bankruptcy Court or

pursued and resolved by other means by the Debtor at any time on or before the Effective Date,

subject to an extension of such deadline by the Bankruptcy Court, for cause.

.    **7.2    Amendment of Claims**.  A Claim may be amended after the Confirmation Date

only as agreed upon by the Debtor and the holder of such Claim or as approved by the Bankruptcy

Court or as otherwise permitted by the Code and Bankruptcy Rules.

**7.3    Reserve for Disputed Claims**.  The Debtor shall reserve, in a separate account,

held in trust for distribution pursuant to this Section, on account of each holder of a Disputed

Claim, in Cash, the amount that would otherwise be distributable on such date and thereafter to

such holder were such Disputed Claim an Allowed Claim on the Effective Date. The Cash so

reserved for the holder of such Disputed Claim shall be distributed as provided in Section 4.1

hereof after such Disputed Claim becomes an Allowed Claim, in the amount allocable under

Section 3.1-3 hereof to such Allowed Claim. The holder of a subsequently Allowed Claim shall

not be entitled to any interest on the Allowed Claim, regardless of when distribution thereon is

made to or received by such holder.

## ARTICLE VIII
## EFFECT OF CONFIRMATION, DISCHARGE,
## SURRENDER AND CANCELLATION OF CLAIMS

**8.1** **Vesting of Property.** On the Confirmation Date, title to and possession of any and all property of the Debtor's estate shall be re-vested in the reorganized Debtor free and clear of all liens, claims, interests and encumbrances of any kind, subject to and except as otherwise provided in the Plan.

**8.2** **Discharge Granted Under Plan.** The Debtor shall receive a discharge in the Confirmation Order, which shall be governed by Code section 1141(d)(1).

**8.3** **Exculpation**. *Neither the Debtor nor any of its members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns (the "Released Parties") shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, confirmation or consummation of this Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan except with respect to their obligations under the Plan, with the exception of any such act or omission taken in bad faith, willful misconduct, gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct, unauthorized use of confidential information that causes damages, and/or ultra vires acts. In addition, the exculpation provided for herein shall not limit the liability of the Debtor's attorneys pursuant to Rule 1.8(h)(1) of the New York Rules of Professional Conduct. Notwithstanding the foregoing, the exculpation provided in this Section 8.3 shall be limited to the extent provided under Section 1125 of the Bankruptcy Code.*

11

**8.4      Confirmation Injunction.** *Except as otherwise expressly provided in the Plan, any and all entities who have held, hold or may hold Claims or Interests, including Administrative Claims, against or in the Debtor shall, as of the Effective Date, be enjoined from:*

*(a) commencing, conducting, or continuing, in any manner, any suit, action, or other proceeding of any kind (including, without limitation, in any judicial, arbitral, administrative or other forum) against the Debtor or reorganized Debtor with regard to such entity's Claim against the Debtor;*

*(b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collection or otherwise recovering by any manner or means, whether directly or indirectly, or any judgment, award, decree, or order against the Debtor or reorganized Debtor with regard to such entity's Claim against the Debtor;*

*(c) creating, perfecting or otherwise enforcing, in any manner, directly or indirectly, any encumbrance of any kind against the Debtor or reorganized Debtor, the property of the Debtor or reorganized Debtor, or any successor-in-interest to the Debtor or reorganized Debtor with regard to such entity's Claim against the Debtor;*

*(d) asserting any set off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the Debtor, the property of the Debtor, or any successor-in-interest to the Debtor with regard to such entity's Claim against the Debtor; and*

*(e) acting in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.*

## ARTICLE IX
## DISTRIBUTIONS AND UNCLAIMED PAYMENTS

Except as otherwise provided herein, in the event any claimant fails to claim any distribution hereunder within 120 days from the date of such distribution, such claimant shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for which such Cash was distributed shall be treated as a disallowed Claim. Distributions to Claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Bankruptcy Court or, if no proof of claim is filed, on the Schedules filed by the Debtor or to such other address as may be later designated by a creditor in writing to the Debtor. The Debtor shall use its best efforts to obtain current addresses for all claimants. All unclaimed cash shall be property of the reorganized Debtor.

## ARTICLE X
## EVENTS OF DEFAULT

10.1    An event of default shall occur if the Debtor shall fail to make any payment when due under the Plan or shall fail to comply with any other material terms of this Plan, and written notice of same has been provided to the Debtor, Debtor's counsel and the Bankruptcy Court.

10.2    Following an event of default, if such default has not been cured within ten (10) days thereafter, any holder of a Claim, payment of which is in default, shall have the right to (a) accelerate and demand payment due to such holder under the Plan; and/or (b) commence an action against the Debtor in the Bankruptcy Court or United States District Court to compel payment or otherwise to enforce the default.

**ARTICLE XI**
**RETENTION OF JURISDICTION**

The Bankruptcy Court shall retain jurisdiction of the Chapter 11 Case:

(a)  To determine all controversies relating to or concerning the allowance of and/ or distribution on account of Claims or Interests upon objection thereto, including the estimation of any Claim under Section 502(c) of the Code;

(b)  To determine requests for payment of Claims entitled to priority under Section 507(a)(2) of the Code, including any and all applications for compensation for professional fees and expenses;

(c)  To determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C Sections 157 and 1334;

(d)  To determine all disputed, contingent or unliquidated Claims;

(e)  To determine requests to modify the Plan pursuant to Section 1127 of the Code or to remedy any defect or omission or reconcile any inconsistencies in this Plan or Confirmation Order to the extent authorized by the Code;

(f)  To make such orders as are necessary or appropriate to carry out the provisions of, and to enforce, the Plan;

(g)  To resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan; and

14

(h)  To enter a final decree closing the Chapter 11 Case.

Dated: Bronx, New York
        October 4, 2017

DUFOUR PASTRY KITCHENS, INC., INC.


By*/s/ Carla Krasner*
        Carla Krasner, Vice-President